NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 4 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PRATIKSHA LAL HASJI,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No.    21-15319

D.C. No. 2:19-cv-01979-CKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Carolyn K. Delaney, Magistrate Judge, Presiding

Submitted October 4, 2023[**]

Before:  BENNETT, SUNG, and H.A. THOMAS, Circuit Judges.

Pratiksha Lal Hasji appeals the district court's order affirming the denial by

an Administrative Law Judge (ALJ) of Disability Insurance Benefits (DIB). We

have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review the district court's decision de novo. *Luther v. Berryhill*, 891

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 872, 875 (9th Cir. 2018). We may overturn the ALJ's decision only if it is not supported by substantial evidence or is based on legal error. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2018) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).

In order to be eligible for DIB, a claimant must prove continuous disability that began on or before the date last insured (DLI). *See* 42 U.S.C. § 423(a)(1)(A), (c)(1); 20 C.F.R. § 404.131; *see also Flaten v. Sec'y of Health & Hum. Servs.*, 44 F.3d 1453, 1459 (9th Cir. 1995) ("[T]he individual must be insured at the time that the individual suffers from the disability in order to receive benefit payments."). Substantial evidence supports the ALJ's determination that Hasji was not disabled on or before her December 31, 2014 DLI.

The ALJ found that statements from Hasji and her spouse regarding her symptoms were inconsistent with the medical record prior to the DLI. Additionally, the ALJ rejected a non-contemporaneous questionnaire from Dr. Nguyen asserting that Hasji has been unable to work since May 2010. The ALJ gave little weight to the questionnaire due to Dr. Nguyen's lack of

contemporaneous treatment and the "sparse" medical evidence prior to the DLI. Substantial evidence supports the ALJ's determinations.

Hasji herself alleged that she did not become disabled until November 2015, well after the DLI. Hasji testified before the ALJ that her breathing symptoms began in 2010 and were the same at the hearing as they were in 2010 and 2014— prior to her DLI. But the ALJ reasonably concluded that Hasji did not have a severe impairment prior to her DLI. *See Flaten*, 44 F.3d at 1459 (rejecting a relation-back interpretation of the statutory eligibility provisions and holding that a claimant must establish continuous disability). Specifically, the ALJ explained that Hasji had "minimal treatment" and that there were "minimal objective findings on and before the [DLI]."

The medical record supports the ALJ's conclusion that Hasji's disability began after the DLI. Medical treatment notes reflect reports from Hasji to her medical providers that her increased respiratory symptoms began in November 2015, eleven months after the DLI. While the medical record reflected a few earlier visits with Hasji's medical providers due to respiratory symptoms, those symptoms either did not require medical attention or resolved with limited treatment. There is also minimal objective medical evidence confirming Hasji's alleged symptoms related to depression on or before the DLI. Hasji was negative for depression and anxiety in July 2013, appeared anxious in September 2013, but then was "well-

3

appearing" in March 2014. Hasji did not report increased depression-related symptoms until after the December 2014 DLI. Due to the limited treatment for these symptoms until November 2015, the ALJ reasonably concluded that Hasji's testimony alleging disability on or prior to her DLI was unsupported.

As to Dr. Nguyen's 2018 opinion, substantial evidence supports the ALJ's decision to give that opinion little weight. As the ALJ found, "the contemporaneous medical evidence [from the time period prior to the DLI] is sparse and does not support this retroactive disability opinion."[1] *See Flaten*, 44 F.3d at 1459.

Finally, substantial evidence supports the ALJ's rejection of testimony from Hasji's spouse. The spouse's statements "were offered well after the claimant's [DLI]" and were "not persuasive for the same reasons" as the ALJ found Hasji's testimony not to be persuasive. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("An ALJ need only give germane reasons for discrediting the testimony of lay witnesses. Inconsistency with medical evidence is one such reason." (citation omitted)).

---

[1] Hasji claims on appeal that the district court erred by accepting the ALJ's erroneous finding that Dr. Nguyen treated Hasji for only one year in 2016–2017. While the ALJ misinterpreted the dates that Dr. Nguyen treated Hasji, substantial evidence supports the ALJ's determination that Hasji was not disabled on or before her DLI due to "minimal treatment" and "minimal objective findings on and before the [DLI]."

**AFFIRMED.**